**CROSNER LEGAL, P.C.**
Michael R. Crosner (SBN 41299)
Zachary M. Crosner (SBN 272295)
Chad A. Saunders (SBN 257810)
Craig W. Straub (SBN 249032)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

**REESE LLP**
Michael R. Reese (SBN 206773)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
ggranade@reesellp.com

Attorneys for Plaintiff Mark Gonzalez
and the Proposed Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GONZALEZ, individually, and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| v. | **CLASS ACTION COMPLAINT** |
| CHATTEM, INC., SANOFI-AVENTIS U.S. LLC, and SANOFI US SERVICES INC., | |
| Defendants. | **JURY TRIAL DEMANDED** |

1         Plaintiff Mark Gonzalez ("Plaintiff") brings this class action complaint against

2  Defendants Chattem, Inc., Sanofi-Aventis U.S. LLC, and Sanofi US Services Inc. (collectively,

3  "Defendants"), and alleges upon personal knowledge as to Plaintiff's acts and experiences, and,

4  as to all other matters, upon information and belief, including investigation conducted by

5  Plaintiff's attorneys, as follows.

6                      **NATURE OF THE ACTION**

7        1.      Defendants manufacture, market, advertise, and sell a line of "natural" dietary

8  supplements called "Unisom Simple Slumbers™" with the tagline "GET A GOOD NIGHT'S

9  SLEEP, NATURALLY" (the "Products"). The Products' front-facing labels are depicted below:

 

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14

 

15    2.    Defendants use the "naturally" branding strategy and labeling claim as the

16  primary feature differentiating the Products from other sleep-aid products in the marketplace.

17  However, Defendants' "naturally" advertising and marketing is false, deceptive, and misleading

18  because the Products contain several artificial and synthetic ingredients, including Citric Acid,

19  Sodium Citrate, Vitamin B6 (Pyridoxine Hydrochloride), and the primary ingredient in the

20  Products, Melatonin. These ingredients are not "natural," and thus, cannot "naturally" help a

21  consumer get a good night's sleep.

22    3.    Plaintiff relied on Defendants' representation that their Products' ingredients,

23  including the Products' primary ingredients such as Melatonin, work "naturally" and are not

24  synthetic or artificial, and that representation was material to Plaintiff's and other Class[1]

25  members' decisions to purchase the Unisom Simple Slumbers Products. The "naturally"

26  branding strategy and labeling representation is key to the marketing and sale of the Products,

27

28  [1]    The "Class" is defined below. *See infra* ¶ 32.

which is why Defendants place the "naturally" advertising claim in bold, capitalized font and surround the claim with a bright green background (a color known to refer to nature) on the front and center of the label:



4.     The label also includes images to enhance the "naturalness" of the Products including flowers, raspberries, lemons, and honey. The net-effect or net-impression of the Product labeling on consumers is that the Products contain only, or substantially, natural ingredients, and do not contain ingredients that are synthetic, artificial, and subject to significant chemical modification and processing, or at minimum the primary ingredients of the Products such as Melatonin and Vitamin B6 are not synthetic, artificial, and subject to significant chemical modification and processing. A reasonable consumer would expect that a Product branded and labeled as "naturally" surrounded by a green background does not contain synthetic, artificial ingredients or ingredients subject to chemical modification and processing, or at minimum the primary ingredients of the Products such as Melatonin and Vitamin B6 are not synthetic, artificial, or subject to chemical modification and processing. A synthetic chemical does not and cannot "naturally" induce a good night's sleep. Accordingly, Defendants' "naturally" representation is false, misleading, and likely to deceive reasonable consumers. Defendants' advertising and marketing campaign is designed to cause consumers to purchase

CLASS ACTION COMPLAINT

1  the Products as a result of this deceptive message.

2       5.     Plaintiff brings this action on behalf of himself and other similarly situated

3  consumers in the United States to halt the dissemination of Defendants' false and misleading

4  advertising message, correct the false and misleading perception it has created in the minds of

5  consumers, and obtain redress for those who have purchased the Products. As a consequence of

6  Defendants' deceptive labeling of the Products, Plaintiff alleges Defendants have violated and

7  are violating California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the

8  "CLRA"); California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the

9  "FAL"); and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the

10 "UCL"); have breached and are breaching their express warranties to Plaintiff and other

11 similarly situated consumers; and have been and are continuing to be unjustly enriched.

12                          **JURISDICTION AND VENUE**

13       6.     This Court has original jurisdiction over this action pursuant to 28 U.S.C.

14 § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed

15 class; (2) members of the proposed class have a different citizenship from Defendants; and

16 (3) the claims of the proposed class members exceed $5,000,000 in the aggregate, exclusive of

17 interest and costs.

18       7.     This Court has personal jurisdiction because Defendants' contacts with the forum

19 are continuous and substantial, and Defendants intentionally availed themselves of the markets

20 within California through their sales of the Unisom Simple Slumbers Products to consumers in

21 California, including Plaintiff.

22       8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a

23 substantial part of the events and omissions giving rise to the claims alleged herein occurred in

24 this District, including Plaintiff's purchase of the Product, and Defendants transact business in

25 this District.

26                                **PARTIES**

27       9.     Mark Gonzalez is a citizen of and resides in California. On several occasions

28 including around April 2022, Mr. Gonzalez purchased Defendants' Unisom Simple Slumbers

4
CLASS ACTION COMPLAINT

120 count Midnight Raspberry "naturally" labeled Product at a CVS retail store in San Francisco, California. When purchasing the Product, Plaintiff was exposed to, read, and relied on the "naturally" representation that was prominently displayed on the Product's front label. At the time he made his purchase, Plaintiff believed that Defendants' Unisom Simple Slumbers "naturally" labeled Product was in fact natural, i.e., free of any artificial and synthetic ingredients and any ingredients subject to chemical modification and processing, or at minimum the primary ingredients of the Products such as Melatonin and Vitamin B6 are not synthetic, artificial, or subject to chemical modification and processing. Plaintiff relied on Defendants' representation that the Simple Slumbers "naturally" labeled Product was "natural," and he would not have purchased the Product if he had known it was not natural but, instead, contained artificial and synthetic ingredients and ingredients subject to chemical modification and processing, including but not limited to primary ingredients such as Melatonin and Vitamin B6. Plaintiff was injured in fact and lost money as a result of Defendants' improper conduct. Plaintiff continues to desire to purchase a "natural" sleep-aid supplement that works "naturally" as represented, and he would purchase a sleep-aid supplement including the Product in the future if it is in fact natural, i.e., free of any artificial and synthetic ingredients and ingredients subject to chemical modification and processing. However, as a result of Defendants' ongoing false advertising, Plaintiff is and will be unable to rely on the "naturally" advertising when deciding in the future whether to purchase the Products.

10. Defendant Chattem, Inc., also known by the assumed name Sanofi Consumer Healthcare, is a Tennessee corporation, with its principal place of business located at 55 Corporate Drive, Bridgewater, New Jersey 08807. Defendant Chattem, Inc., is the US Consumer Health Care business unit of Sanofi-Aventis U.S. LLC and Sanofi US Services Inc. The label on the Products states "Dist. By: Chattem, Inc., a Sanofi Company" and references "www.Unisom.com." Chattem, Inc., distributes, manufactures, markets, and sells the Products throughout the United States, including in California. The company's LinkedIn website states

1   that Chattem, Inc., has "a willingness to take measured risks."[2]

2       11.    Defendant Sanofi-Aventis U.S. LLC is a Delaware corporation, with its principal

3   place of business located in Bridgewater, New Jersey. Sanofi-Aventis U.S. LLC manufactures,

4   markets, and sells the Products throughout the United States, including in California.

5       12.    Defendant Sanofi US Services Inc. is a Delaware corporation, with its principal

6   place of business located in Bridgewater, New Jersey. Sanofi US Services Inc. manufactures,

7   markets, and sells the Products throughout the United States, including in California. Defendant

8   Sanofi US Services Inc. maintains several offices throughout California.

9       13.    At all times relevant herein, Defendants and their subsidiaries, affiliates, and

10  other related entities, as well as their respective employees, were the agents, servants, and

11  employees of Defendants, and at all times relevant herein, each were acting within the course

12  and scope of that agency and employment.

13      14.    Whenever reference in this Complaint is made to any act by Defendants or their

14  subsidiaries, affiliates, distributors, retailers, and other related entities, such allegation shall be

15  deemed to mean that the principals, officers, directors, employees, agents, and/or representatives

16  of Defendants committed, knew of, performed, authorized, ratified, and/or directed that act or

17  transaction on behalf of Defendants while actively engaged in the scope of their duties.

18                              **FACTUAL ALLEGATIONS**

19      15.    There is a strong consumer demand for products that are "natural" and free of

20  highly processed, artificial, and synthetic ingredients. This demand is especially strong for

21  "naturally" made dietary supplements. A recent survey of over 1,000 adults conducted by the

22  Trust Transparency Center concluded that Americans favor "natural" dietary supplements over

23  synthetically processed products and think synthetic supplements should be specifically labeled

24  as "synthetic."[3] In fact, the results of the survey were so compelling that the founder of the Trust

25

26  _____

    [2]      https://www.linkedin.com/company/chattem-inc./ (last visited Nov. 23, 2022).

27  [3]      Traci Kantowski, TRUST TRANSPARENCY CTR., *New Survey Finds Consumers Skeptical*
28  *of Synthetic Dietary Supplements; Favor Labeling on All Synthetic Vitamins and Supplements*
    (Sept.   5,   2018),   *available   at*   https://trusttransparency.com/new-survey-finds-consumers-

Transparency Center observed that "Consumers expect brands to be transparent with their materials and the results of this survey support that consumers want to know if the product they're buying is derived from synthetic material."[4]

16.     In recent years, consumers have poured billions of dollars into the "natural" personal care market. Consumers value natural products for their perceived benefits of avoiding the perceived negative health effects of synthetic and artificial substances. As such, there is a recognized association among consumers and the concept of nature (e.g., "natural" products) and positive feelings associated with nature. Peer-reviewed and published research has found that the perceived naturalness of a product is "very important" to consumers.[5] In response to consumers' desire for natural products, many companies, including Defendants, have scrambled to manufacture, market, and sell purported "natural" products in an effort to gain market share. Unfortunately, rather than creating the natural products consumers desire, Defendants have instead chosen to "greenwash" the Products and market them through deceptive labeling and advertising (i.e., the "naturally" advertising claims) to convince consumers the Products are made with natural ingredients. In reality, they contain numerous synthetic, artificial, and highly processed ingredients.

17.     A reasonable consumer understands the representation that a Product "naturally" influences sleep to mean that none of its ingredients are synthetic, artificial, or subject to chemical modification and processing, or at minimum the primary ingredients of the Products such as Melatonin and Vitamin B6 are not synthetic, artificial, or subject to chemical modification and processing.

18.     Defendants further reinforce the natural claim by surrounding the word "naturally," which is written in a white font, with a green background. Green is the universal visual cue used to trigger implicit ecological and natural inferences, "but green can be abused

---

skeptical-of-synthetic-dietary-supplements-favor-labeling-on-all-synthetic-vitamins-and-supplements/ (last visited Nov. 23, 2022).
[4]     *Id.*
[5]     S. Roman et al., The importance of food naturalness for consumers: Results of a systematic review. Trends in Food Science & Technology. 2017;67:44-57.

through greenwashing practices intended to mislead consumers."[6] Research has shown that consumers clearly associate the color green with "natural/organic ingredients" and production standards.[7]

19.     A reasonable consumer's understanding of the terms "natural" and "naturally" comports with the common meaning of the terms, federal regulatory definitions, and the scientific community's knowledge.

20.     Webster's New World Dictionary defines "natural" as "produced or existing in nature; not artificial or manufactured."[8] Similarly, Dictionary.com defines "natural" as not "artificial."[9] The Merriam-Webster online dictionary defines "naturally" as "without artificial aid."[10]

21.     The "FDA agrees that the use of the word 'natural' on products that contain any artificial ingredients is inappropriate."[11] The FDA states that the term "natural" means "nothing artificial or synthetic."[12] The United States Department of Agriculture ("USDA") also states that the term "natural" means "(1) the product does not contain any artificial flavor or flavorings, color ingredient, or chemical preservative . . . or any other artificial or synthetic ingredient, and (2) the product and its ingredients are not more than minimally processed."[13] The USDA recognizes that any "solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing."[14] Congress has defined "nonsynthetic (natural)"

---

[6]     Lim, D.J. et al., Colour effects in green advertising. International Journal of Consumer Studies. 2020;00:1-11.

[7]     *Id.* at 2 (citing peer-reviewed published research).

[8]     *Webster's New World Dictionary of the American Language*, 2nd College Ed. (Simon & Schuster, 1984), "natural," definition no. 2 at p. 947.

[9]     *See* https://www.dictionary.com/browse/natural (last visited Nov. 23, 2022).

[10]     https://www.merriam-webster.com/dictionary/naturally (last visited Nov. 23, 2022).

[11]     Food and Drug Administration, Department of Health and Human Services. Response letter to Consumers Union/Consumer Reports (Dec. 11, 2014), *available at* https://advocacy.consumerreports.org/wp-content/uploads/2019/05/12_11_14_Letter_from_FDA_Caramel_Color-1.pdf (last visted Nov. 28, 2022).

[12]     *Id.*

[13]     The United States Department of Agriculture Food Standards and Labeling Policy book available at https://www.fsis.usda.gov/sites/default/files/import/Labeling-Policy-Book.pdf (last visited Nov. 23, 2022).

[14]     *Id.*

8

1  as "[a] substance that is derived from mineral, plant, or animal matter and does not undergo a

2  synthetic process . . . ." 7 C.F.R. § 205.2.

3       22.     The scientific community defines "synthetic" as "something that is man-made."[15]

4  Published scientific literature provides a useful example: "chemically synthesized B12 vitamin

5  . . . is not natural either (obtained from Nature), it is synthetic."[16] In other words, any man-made

6  product is not present in nature and is not "natural" and therefore cannot influence the body

7  "naturally."[17]

8       23.     Despite Defendants' advertising claims, the Products are not "natural," and thus,

9  do not and cannot "naturally" induce a good night's sleep. The Products contain the following

10  artificial or synthetic ingredients: Citric Acid, Sodium Citrate, Vitamin B6 (Pyridoxine

11  Hydrochloride), and Melatonin.

12       24.     **Citric Acid** is a synthetic, non-natural ingredient. Citric acid is not extracted

13  from citrus fruits, but industrially manufactured via microbial fermentation with typically

14  genetically modified black mold (*Aspergillus niger*) by feeding it highly processed and/or

15  genetically modified corn syrup. The FDA has recognized citric acid as a "chemical

16  preservative."[18] In fact, the FDA has issued letters to companies warning them that a product is

17  deceptively labeled if it is advertised as natural when it contains citric acid.[19]

18       25.     **Sodium Citrate** is a synthetic, non-natural ingredient. Sodium Citrate is the

19  trisodium salt of citric acid, which is synthetically created by mycological fermentation of crude

20  sugar stocks. Sodium citrate is listed as being "synthetic" under 7 C.F.R. § 205.605.

21       26.     **Vitamin B6** is Pyridoxine Hydrochloride, a synthetic and non-natural ingredient.

22  It is synthesized using petroleum ester and hydrochloric acid with formaldehyde.

23       27.     **Melatonin** is a synthetic, non-natural ingredient. Melatonin is made in a lab and

24

25

26

27

28

---

[15]    Nielsen, P.E., Natural – synthetic – artificial! Artif DNA PNA XNA. 2010;1(1):58-59.

[16]    *Id.*

[17]    *See id.*

[18]    *See* https://www.packagingdigest.com/trends-issues/food-packaging-fda-says-chiquita-labels-are-misleading (last visited Nov. 23, 2022).

[19]    *See* Warning Letter from FDA to Hirzel Canning Co. (Aug. 29, 2001); Warning Letter from FDA to Richard Classey, Oak Tree Dairy Farm (Aug. 16, 2001).

is chemically synthesized, which requires the use of toxic solvents and catalysts. For example, Szmuszkovicz et al. reported two novel chemical pathways to make Melatonin utilizing commercially available starting materials.[20] In the first synthesis, a displacement reaction was produced using 5-methoxyindole and cyanide, lithium aluminum hydride reduction, and acetylation.[21] In the second synthesis, 5-methoxyindole-3-aldehyde was condensed with nitromethane and the resulting unsaturated nitro compound was reduced with lithium aluminum hydride and acetylated. More recently, it was reported in *Synthetic Communications* that melatonin can be synthesized by preparing phthalimide through a four-pot reaction which requires the use of microwave irradiation, a heating process which produces a higher Melatonin yield.[22]

28.     As a result of the presence of these artificial and synthetic ingredients in the Products, reasonable consumers have been misled by Defendants' false and misleading representation that the Unisom Simple Slumbers Products "naturally" provide sleep. Consumers lack the meaningful ability to test or independently ascertain the truthfulness of labeling claims such as "natural" and "naturally," especially at the point of sale. Consumers would not know the true nature of the ingredients merely by reading the ingredient label; its discovery requires investigation beyond the retail store and knowledge of chemistry beyond that of the average consumer. Thus, reasonable consumers must and do rely on companies such as Defendants to honestly report the nature of a supplement's ingredients, and companies such as Defendants intend and know that consumers rely upon labeling statements in making their purchasing decisions. Such reliance by consumers is also eminently reasonable, since dietary supplement companies are prohibited from making false or misleading statements on their products under

---

[20]     Szmuszkovicz, J. et al., Synthesis of N-Acetyl-5-methoxytryptamine. J. Org. Chem. 1960;25(5):857-859.

[21]     Cyanide is toxic by skin absorption, ingestion, and inhalation. *See* https://pubchem.ncbi.nlm.nih.gov/compound/Cyanide-ion (last visited Nov. 23, 2022). Lithium aluminum hydride is an inorganic compound and a well-known "reducing agent" in the field of organic chemistry. *See* Finholt, A.E. et al. Lithium Aluminum Hydride, Aluminum Hydride and Lithium Gallium Hydride, and Some of their Applications in Organic and Inorganic Chemistry. Journal of the American Chemical Society. 1947;96(5):1199-1203.

[22]     He, L. Microwave Assisted Synthesis of Melatonin. Synthetic Communications. 2003;33(5):741-747.

1    federal law.

2         29.    Defendants' representation that the Unisom Simple Slumbers Products help you

3    "naturally" sleep is a material representation because consumers attach importance to

4    "naturally" claims when making purchase decisions, especially for products they consume like

5    dietary supplements. Defendants market and advertise that the Products "naturally" help one to

6    get a good night's sleep in order to differentiate the Products from other sleep-aids, increase

7    sales, and persuade consumers to purchase the Products. Plaintiff and the members of the Class

8    were intended consumers of Defendants' deceptive and misleading representation and

9    reasonably relied to their detriment on Defendants' misleading "naturally" representations.

10        30.    Defendants' false, misleading, and deceptive misrepresentations are likely to

11   deceive and mislead reasonable consumers and the general public. As a result of Defendants'

12   false, misleading, and deceptive representation that its Products "naturally" provide sleep,

13   Defendants injured Plaintiff and the members of the Class in that Plaintiff and the members of

14   the Class: paid a sum of money for Products that were not as represented; were deprived of the

15   benefit of the bargain because the Products they purchased were different from what Defendants

16   warranted; were deprived of the benefit of the bargain because the Products they purchased had

17   less value than what Defendants represented; received Products that were of a different quality

18   than what Defendants promised; and were denied the benefit of truthful labels.

19        31.    Plaintiff and the members of the Class would not have purchased the Products if

20   they had known that the Products were not "natural," and thus cannot and do not "naturally"

21   provide sleep. Alternatively, Plaintiff and the members of the Class would not have purchased

22   the Products at the price paid had they known that the Products contained artificial and synthetic

23   ingredients and are thus, not "natural" and do not "naturally" provide sleep. Accordingly,

24   Plaintiff and the members of the Class have suffered injury in fact, lost money or property, and

25   suffered economic damages as a result of Defendants' wrongful conduct.

26        32.    Plaintiff and the members of the Class seek damages and equitable relief,

27   including, but not limited to, injunctive relief, restitution, and disgorgement.

28

1

## CLASS ALLEGATIONS

2          33.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil

3    Procedure 23(b)(2) and 23(b)(3) on behalf of the following classes:

4          **Nationwide Class**

5          All persons who purchased the Products for personal use in the United States until
           the date notice is disseminated.
6

7          **Multi-State Class**

8          All persons in California and other states with similar laws,[23] who purchased the
           Products for personal use until the date notice is disseminated.
9

           **California Class**
10
           All persons in California who purchased the Products for personal use until the
11         date notice is disseminated.

12
     Collectively, the Nationwide Class, the Multi-State Class, and the California Class are the
13
     "Class."
14

15   _____

     [23]     While discovery may alter the following, Plaintiff preliminarily avers other states with
16   similar unjust enrichment and express warranty laws under the facts of this action include, but
     are not limited to: Alaska, Arizona, Arkansas, Colorado, Connecticut, Delaware, District of
17   Columbia, Georgia, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts,
     Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey,
18   New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon,
     Pennsylvania, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Vermont,
19   Virginia, Washington, West Virginia, or Wyoming. The corresponding statutes for the express
     warranty laws are: Alaska Stat. section 45.02.313; A.R.S. section 47-2313; A.C.A. section 4-2-
20   313; Colo. Rev. Stat. section 4-2-313; Conn. Gen. Stat. section 42a-2-313; 6 Del. C. section 2-
     313; D.C. Code section 28:2-313; O.C.G.A. section 11-2-313; HRS section 490:2-313; Idaho
21   Code section 28-2-313; 810 ILCS 5/2-313; Ind. Code section 26-1-2-313; K.S.A. section 84-2-
     313; KRS section 355.2-313; 11 M.R.S. section 2-313; Mass. Gen. Laws Ann. ch. 106 section
22   2-313; Minn. Stat. section 336.2-313; Miss. Code Ann. section 75-2-313; R.S. Mo. Section
     400.2-313; Mont. Code Anno. Section 30-2-313; Neb. Rev. Stat. section 2-313; Nev. Rev. Stat.
23   Ann. section 104.2313; RSA 382-A:2-313; N.J. Stat. Ann. section 12A:2-313; N.M. Stat. Ann.
     section 55-2-313; N.Y. U.C.C. Law section 2-313; N.C. Gen. Stat. section 25-2-313; N.D. Cent.
24   Code section 41-02-30; ORC Ann. section 1302.26; 12A Okl. St. section 2-313; Or. Rev. Stat.
     section 72-3130; 13 Pa.C.S. section 2313; R.I. Gen. Laws section 6A-2-313; S.C. Code Ann.
25   section 36-2-313; S.D. Codified Laws, section 57A-2-313; Tenn. Code Ann. section 47-2-313;
     Tex. Bus. & Com. Code section 2.313; Utah Code Ann. section 70A-2-313; 9A V.S.A. section
26   2-313; Va. Code Ann. section 59.1-504.2; Wash. Rev. Code Ann. section 62A.2-313; W. Va.
     Code section 46-2-313; and Wyo. Stat. section 34.1-2-313.
27

28

CLASS ACTION COMPLAINT

1     34.    Excluded from the classes are: (i) Defendants and their officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

35.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

36.    This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

37.    **Commonality and Predominance.** There are numerous questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are: whether Defendants made material representations and omissions in the marketing and sale of the Products; whether Defendants engaged in unlawful, unfair, or deceptive business practices by advertising and selling the Products; whether Defendants violated the CLRA, the FAL, and/or the UCL; whether Defendants committed a breach of express warranty; whether Plaintiff and the Class are entitled to equitable and/or injunctive relief; and whether Plaintiff and the Class members have sustained damage as a result of Defendants' unlawful conduct.

38.    **Numerosity.** Plaintiff alleges the Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class consists of tens of thousands of Product purchasers dispersed throughout the United States, and the California Class likewise consists of thousands or tens of thousands of Product purchasers throughout the State of California. Thus, it would be impracticable to join all members of the Class before the Court.

39.    **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent because Plaintiff, like other Class members, purchased Defendants' deceptively advertised Products. Defendants' unlawful, unfair, and/or fraudulent actions concern the same business practices described herein. Plaintiff's and the Class members' claims arise from the same practices and course of conduct and are based on the same legal theories. Plaintiff and the Class sustained similar injuries arising out of Defendants' conduct.

40.     **Adequacy of Representation.** Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the members of the proposed Class. Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel who are competent and experienced in the prosecution of class action litigation.

41.     **Superiority.** A class action is superior to other methods for resolving this controversy. Because the amount of restitution or damages to which each Class member may be entitled is low in comparison to the expense and burden of individual litigation, it would be impracticable for class members to redress the wrongs done to them without a class action forum. Plaintiff and the members of the Class have suffered and will continue to suffer harm as a result of Defendants' conduct. Defendants continue to deny wrongdoing or remedy the conduct that is the subject of this complaint. Class members do not know that their legal rights have been violated. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments.

42.     **Rule 23(b)(2).** Defendants have acted on grounds that are generally applicable to the members of the Class, thereby making appropriate final injunctive relief and/or declaratory relief with respect to the Class as a whole.

43.     **Notice.** Plaintiff and his counsel anticipate that notice to the proposed Class will be effectuated through recognized, Court-approved notice dissemination methods, which may include United States mail, electronic mail, Internet postings, and/or published notice.

**<u>FIRST CLAIM FOR RELIEF</u>**

**Violation of California's Consumers Legal Remedies Act**

**Cal. Civ. Code § 1750 *et seq.***

**(Brought Against Defendants on Behalf of Plaintiff and the California Class)**

44.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

45.     Plaintiff brings this claim under the CLRA on behalf of himself and the California Class against Defendants.

14

**CLASS ACTION COMPLAINT**

1      46.    At all times relevant hereto, Plaintiff and the members of the California Class

2  were "consumer[s]," as defined in California Civil Code section 1761(d).

3      47.    At all relevant times, Defendants each constituted a "person," as defined in

4  California Civil Code section 1761(c).

5      48.    At all relevant times, the Products manufactured, marketed, advertised, and sold

6  by Defendants constituted "goods," as defined in California Civil Code section 1761(a).

7      49.    The purchases of the Products by Plaintiff and the members of the California

8  Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

9      50.    Defendants disseminated, or caused to be disseminated, through their advertising,

10  false and misleading representations, including the Products' labeling that they are "natural" and

11  induce sleep "naturally," which they are not, and do not, because the Products contain several

12  artificial and/or synthetic ingredients, including primary ingredients such as Melatonin.

13  Defendants' representations violate the CLRA in the following ways:

14      (a)    Defendants represented that the Products have characteristics,

15  ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

16      (b).    Defendants represented that the Products are of a particular standard,

17  quality, or grade, which they are not (Cal. Civ. Code § 1770(a)(7));

18      (c)    Defendants advertised the Products with an intent not to sell the Products

19  as advertised (Cal. Civ. Code § 1770(a)(9)); and

20      (d)    Defendants represented that the subject of a transaction has been supplied

21  in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

22      51.    Defendants violated the CLRA because the Products are not "natural" and do not

23  "naturally" help one sleep because they contain artificial and synthetic ingredients as discussed

24  in detail above. Defendants knew or should have known the Products were not "natural" and

25  cannot "naturally" help one sleep because Defendants created the Products using the artificial

26  and synthetic ingredients described above.

27      52.    Defendants' actions as described herein were done with conscious disregard of

28  Plaintiff's and the California Class members' rights and were wanton and malicious.

53.     Defendants' wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendants are still representing that the Products have characteristics which they do not have.

54.     Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the California Class seek an order enjoining Defendants from engaging in the methods, acts, and practices alleged herein, and for restitution and disgorgement.

55.     Pursuant to California Civil Code section 1782, Plaintiff notified Defendants in writing by certified mail of the alleged violations of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act. A copy of the letter is attached as **Exhibit 1**.

56.     Defendants failed to rectify or agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA. Accordingly, Plaintiff seeks actual, punitive, and statutory damages, as appropriate.

57.     Pursuant to section 1780(d) of the CLRA, attached as **Exhibit 2** is an affidavit showing that this action was commenced in a proper forum.

**SECOND CLAIM FOR RELIEF**

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code § 17500 *et seq.***

**(Brought Against Defendants on Behalf of Plaintiff and the California Class)**

58.     Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

59.     Plaintiff brings this claim individually and on behalf of the California Class against Defendants for violation of the FAL.

60.     California Business & Professions Code section 17500 prohibits "unfair, deceptive, untrue or misleading advertising."

61.     The FAL makes it unlawful for a person, firm, corporation, or association to induce the public to buy its products by knowingly disseminating untrue or misleading

16

CLASS ACTION COMPLAINT

1    statements about the products.

2        62.    Defendants' labeling and advertising include untrue and misleading statements

3    that the Products are "natural" and "naturally" help sleep. These representations are likely to

4    deceive a reasonable consumer. If consumers knew the true facts regarding the Products'

5    synthetic and unnatural ingredients, as detailed above, they would not have purchased the

6    Products. Defendants knew, or reasonably should have known, that their representations

7    concerning the Products are untrue and misleading, since they know how the Products and their

8    ingredients are manufactured. Defendants made the representations at issue with the intent to

9    induce Plaintiff and the California Class members to purchase the Products. Plaintiff and the

10   California Class members purchased the Products in reliance on the untrue and misleading

11   representations by Defendants.

12       63.    Plaintiff and the members of the California Class have been directly and

13   proximately injured by Defendants' conduct in ways including, but not limited to, the monies

14   paid to Defendants for the Products that lacked the characteristics advertised, interest lost on

15   those monies, and consumers' unwitting support of a business enterprise that promotes

16   deception and undue greed to the detriment of consumers, such as Plaintiff and the California

17   Class members.

18       64.    As a direct and proximate result of Defendants' unlawful conduct in violation of

19   section 17500, Plaintiff and the members of the California Class, pursuant to California Business

20   & Professions Code section 17535, are entitled to seek and do seek an order of this Court

21   enjoining such future wrongful conduct on the part of Defendants and requiring Defendants to

22   disclose the true nature of their misrepresentations. Plaintiff has no adequate remedy at law.

23   Without equitable relief, Defendants' unfair, deceptive, untrue, and misleading practices will

24   continue to harm Plaintiff and the California Class. An injunction requiring affirmative

25   disclosures to dispel the public's misperception and prevent the ongoing deception and repeat

26   purchases, is not available through a legal remedy. Further, the statutes of limitations for the

27   causes of action pled differ: the limitations period is four years for claims brought under the

28   UCL, longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes

17

CLASS ACTION COMPLAINT

of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, approximately between 2 and 6 years. In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of actions. The UCL also creates a cause of action for violations of other laws and regulations. Similarly, unjust enrichment/restitution is broader than breach of warranty.

65. As a direct and proximate result of Defendant's unlawful conduct in violation of section 17500, Plaintiff and the members of the California Class were harmed and suffered financial losses in a dollar amount to be proven at the time of trial that Plaintiff and the California Class members paid for the misrepresented attributes of the Products, up to and including the full purchase price of the Products. Plaintiff seeks an award under the FAL of damages, restitution, and/or disgorgement of this dollar amount for Plaintiff's and the California Class members' purchases of the Products.

**THIRD CLAIM FOR RELIEF**

**Violation of California's Unfair Competition Law**

**Cal. Bus. & Prof. Code § 17200 *et seq.***

**(Brought Against Defendants on Behalf of Plaintiff and the California Class)**

66. Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

67. Plaintiff brings this claim under the UCL on behalf of himself and the California Class against Defendants.

68. The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

69. Defendants committed unlawful business acts or practices by making the representations (which also constitutes advertising within the meaning of California Business & Professions Code section 17200), as set forth more fully herein, and violating California Civil Code sections 1572, 1573, 1709, 1711, 1770(a)(5), (7), (9) and (16) and California Business & Professions Code section 17500 *et seq.*, and the common law. Plaintiff, individually and on behalf of the other California Class members, reserves the right to allege other violations of law,

1    which constitute other unlawful business acts or practices. Such conduct is ongoing and

2    continues to this date.

3         70.    Defendants committed "unfair" business acts or practices by: (1) engaging in

4    conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members

5    of the California Class; (2) engaging in conduct that is immoral, unethical, oppressive,

6    unscrupulous, or substantially injurious to Plaintiff and the members of the California Class; and

7    (3) engaging in conduct that undermines or violates the intent of the consumer protection laws

8    alleged herein. There is no societal benefit from false advertising. Plaintiff and the other

9    California Class members paid for a Product that is not as advertised by Defendants. While

10   Plaintiff and the other California Class members were harmed, Defendants were unjustly

11   enriched by their false misrepresentations. As a result, Defendants' conduct is "unfair," as it

12   offended an established public policy. There were reasonably available alternatives to further

13   Defendants' legitimate business interests, other than the conduct described herein.

14        71.    Defendants committed "fraudulent" business acts or practices by making the

15   representations of material fact regarding the Products set forth herein. Defendants' business

16   practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers

17   into believing the Products "naturally" help with sleep when the Products are not natural and do

18   not work naturally because they contain artificial and synthetic ingredients.

19        72.    Plaintiff and the other members of the California Class have in fact been deceived

20   as a result of their reliance on Defendants' material representations. This reliance has caused

21   harm to Plaintiff and the other members of the California Class, each of whom purchased

22   Defendants' Products. Plaintiff and the other California Class members have suffered injury in

23   fact and lost money as a result of purchasing the Products and Defendants' unlawful, unfair, and

24   fraudulent practices.

25        73.    Defendants' wrongful business practices and violations of the UCL are ongoing.

26        74.    Plaintiff and the California Class seek pre-judgment interest as a direct and

27   proximate result of Defendants' unfair and fraudulent business conduct. The amount on which

28   interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the

1   California Class seek interest in an amount according to proof.

2        75.     Unless restrained and enjoined, Defendants will continue to engage in the above-

3   described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business

4   & Professions Code section 17203, Plaintiff, on behalf of himself and the California Class, seeks

5   (1) restitution from Defendants of all money obtained from Plaintiff and the other California

6   Class members as a result of unfair competition; (2) an injunction prohibiting Defendants from

7   continuing such practices in the State of California that do not comply with California law; and

8   (3) all other relief this Court deems appropriate, consistent with California Business &

9   Professions Code section 17203.

10                        **FOURTH CLAIM FOR RELIEF**

11                          **Breach of Express Warranty**

12   **(Brought Against Defendants on Behalf of Plaintiff and the Multi-State Class)**

13        76.     Plaintiff realleges and incorporates by reference all allegations contained in this

14   complaint, as though fully set forth herein.

15        77.     Plaintiff brings this claim for breach of express warranty against Defendants on

16   behalf of himself and the Multi-State Class.

17        78.     Defendants promised and expressly warranted that the Products would

18   "naturally" help with a good night's sleep. Every Product sold to Plaintiff and the members of

19   the Multi-State Class came in a container with the written representation on the front that it

20   would "naturally" help with a good night's sleep.

21        79.     These promises and affirmations of fact constitute express warranties that

22   became part of the basis of the bargain between Plaintiff and the members of the Multi-State

23   Class, on the one hand, and Defendants, on the other.

24        80.     All conditions precedent to Defendants' liability under the contract have been

25   performed by Plaintiff and the Multi-State Class.

26        81.     Defendants have breached the terms of their express warranties by failing to

27   provide Products that are "natural" and "naturally" help with sleep as warranted. Defendants

28   have violated California law and as well as other states with similar warranty laws.

82.     As a result of Defendants' breach of their warranties, Plaintiff and the Multi-State Class members have been damaged in the amount of the purchase price, or in the amount of the price premium they paid on account of Defendants' deceptive "natural" and "naturally" representations, in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION**

**Unjust Enrichment**

**(Brought Against Defendants on Behalf of Plaintiff and the Class)**

83.     Plaintiff realleges and incorporates by reference all allegations contained in the complaint, as though fully set forth herein.

84.     Plaintiff brings this claim against Defendants for unjust enrichment individually and on behalf of the Class.

85.     By purchasing the Products, Plaintiff and the members of the Class conferred a benefit on Defendants in the form of the purchase price of the Products.

86.     Defendants had knowledge of such benefit. Defendants appreciated the benefit because, were consumers not to purchase the Products, Defendants would not generate revenue from the sales of the Products.

87.     Defendants' acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants' fraudulent and misleading representations and omissions, as detailed herein.

88.     Equity cannot in good conscience permit Defendants to be economically enriched from such actions at the expense of Plaintiff and the members of the Class. Accordingly, Plaintiff seeks an award pursuant to this claim for unjust enrichment of restitution and/or disgorgement of ill-gotten gains in the amount of the purchase price for the Products (or, in the alternative, in the amount of the price premium paid on account of Defendants' deceptive "natural" and "naturally" representations), as well as injunctive relief to prevent ongoing and future harm that will result from the ongoing false representations that the Products are "natural" and induce sleep "naturally," when in fact, they are not, and they do not.

1

**REQUEST FOR RELIEF**

2          WHEREFORE, Plaintiff, individually, and on behalf of all others similarly situated,

3   requests for relief pursuant to each claim set forth in this Complaint, as follows:

4          a.      Declaring that this action is a proper class action, certifying the Class as requested

5   herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as

6   Class Counsel;

7          b.      Ordering restitution and disgorgement of all profits and unjust enrichment that

8   Defendants obtained from Plaintiff and the Class members as a result of Defendants' unlawful,

9   unfair, and fraudulent business practices;

10         c.      Ordering injunctive relief as permitted by law or equity, including enjoining

11  Defendants from continuing the unlawful practices as set forth herein, and ordering Defendants

12  to engage in a corrective advertising campaign;

13         d.      Ordering damages for Plaintiff and the Class;

14         e.      Ordering Defendants to pay attorneys' fees and litigation costs to Plaintiff and

15  the other members of the Class;

16         f.      Ordering Defendants to pay both pre- and post-judgment interest on any amounts

17  awarded; and

18         g.      Ordering such other and further relief as may be just and proper.

19

**JURY DEMAND**

20         Plaintiff demands a trial by jury of all claims in this Complaint so triable.

21

22   Dated: January 9, 2023                    **CROSNER LEGAL, P.C.**

23

24                                            By:      *s/ Zachary M. Crosner*
                                                    ZACHARY M. CROSNER

25                                            Michael R. Crosner
                                              Zachary M. Crosner
26                                            Chad A. Saunders
                                              Craig W. Straub
27                                            9440 Santa Monica Blvd. Suite 301
                                              Beverly Hills, CA 90210
28                                            Tel: (310) 496-5818

                                        22
                              CLASS ACTION COMPLAINT

Fax: (310) 510-6429
mike@crosnerlegal.com
zach@crosnerlegal.com
chad@crosnerlegal.com
craig@crosnerlegal.com

**REESE LLP**
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com

**REESE LLP**
George V. Granade
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile: (212) 253-4272
ggranade@reesellp.com

Attorneys for Plaintiff Mark Gonzalez and the
Proposed Class

CLASS ACTION COMPLAINT

# EXHIBIT 1

**USPS CERTIFIED MAIL**



9214 8901 4298 0476 1668 81

## *CERTIFIED MAIL*

Crosner Legal, PC
9440 Santa Monica Blvd., Ste. 301
Beverly Hills CA 90212

000716260800010



Chattem, Inc. Sanofi-Aventis U.S. LLC
Sanofi US Services Inc.
55 Corporate Dr.
Bridgewater NJ 08807-1265
USA

7162608.1.1



Zachary Crosner, Esq.
Managing Attorney
Los Angeles Office
9440 Santa Monica Blvd.,
Ste. 301
Beverly Hills, CA 90210

zach@crosnerlegal.com
office: (310) 496-5818
fax: (310) 510-6429

_____

November 29, 2022

**SENT VIA U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Chattem, Inc.
Sanofi-Aventis U.S. LLC
Sanofi US Services Inc.
55 Corporate Dr.
Bridgewater, NJ 08807-1265

California Registered Agent for Service of Process:
Lawyers Incorporating Service
2710 Gateway Oaks Dr, Ste. 150N
Sacramento, CA 95833

***Re: Gonzalez v. Chattem, Inc. et al.***

| | | |
|---|---|---|
| Our Client | : | Mark Gonzalez |
| Products | : | Unisom Simple Slumbers™ |
| Matter | : | CLRA Demand Letter |
| | | Notice of Breach of Warranty |
| | | Demand to Preserve Evidence |

To Whom It May Concern:

On behalf of Mark Gonzalez ("Plaintiff") and all others similarly situated,[1] this letter notifies Chattem, Inc., Sanofi-Aventis U.S. LLC, and Sanofi US Services Inc. (collectively, "Defendants") that Defendants have violated, and continue to violate, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA"),

---

[1] Plaintiff serves this notice on behalf of all persons who purchased the Products for personal use in the United States until the date notice is disseminated (the "Nationwide Class"); alternatively, on behalf of all persons who purchased the Products for personal use in California and other states with similar laws, as detailed in the accompanying draft Class Action Complaint (the "Multi-State Class"); and in the further alternative, on behalf of all persons in California who purchased the Products for personal use until the date notice is disseminated ("California Class").

Chattem, Inc.; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc.
November 29, 2022
Page 2 of 4

and have breached, and continue to breach, their express warranties concerning the Unisom
Simple Slumbers dietary supplements sold by Defendants (the "Products," as defined in
the accompanying draft Class Action Complaint).

Defendants label the Products with the statement "Get a Good Night's Sleep,
Naturally," with the word "naturally" prominently displayed on the front label of each and
every Product's packaging, thereby affirmatively warranting the Products as such. As a
result, the Products' labeling and advertising causes reasonable consumers to believe the
Products contain only, or substantially, natural ingredients, and do not contain ingredients
that are synthetic, artificial, and subject to chemical modification and processing, or at
minimum the primary ingredients of the Products such as Melatonin and Vitamin B6 are
not synthetic, artificial, and subject to chemical modification and processing.

Contrary to Defendants' representations and reasonable consumers' understanding,
the Products contain ingredients that are not natural, and thus, cannot "naturally" help one
to "Get a Good Night's Sleep, Naturally." The Products contain several artificial and
synthetic ingredients, including Citric Acid, Sodium Citrate, Vitamin B6 (Pyridoxine
Hydrochloride), and the primary ingredient in the Products, Melatonin. These ingredients
are not "natural," cannot "naturally" help a consumer "Get a Good Night's Sleep,
Naturally," and are misleading and deceptive and therefore unlawful.

Defendants have violated, and continue to violate, the CLRA and California law.
Specifically, in connection with the advertising, labeling, packaging, and marketing of the
Products, Defendants have violated, and continue to violate, the following subdivisions of
California Civil Code section 1770(a):

(5) Representing that goods or services have . . . approval,
characteristics, . . . uses [or] benefits . . . which they do not have . . . .
* * *
(7) Representing that goods or services are of a particular standard,
quality or grade . . . if they are of another.
* * *
(9) Advertising goods or services with intent not to sell them as
advertised.
* * *
(16) Representing that the subject of a transaction has been supplied in
accordance with a previous representation when it has not.

As detailed in the attached draft Class Action Complaint, Defendants also have
violated and are violating the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*;
California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* (the "FAL");
and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the

Chattem, Inc.; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc.
November 29, 2022
Page 3 of 4

"UCL"); have breached and are breaching their express warranties to Plaintiff and other similarly situated consumers; and have been and are continuing to be unjustly enriched.

Pursuant to California Civil Code section 1782 and California Commercial Code section 2607, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify these violations by ceasing the misleading marketing campaign, ceasing dissemination of false and misleading information as described in the enclosed Complaint, and initiating a corrective advertising campaign to re-educate consumers regarding the truth of the Products at issue. In addition, Defendants must offer to refund the purchase price to all consumer purchasers of the Unisom Simple Slumbers Products, plus provide reimbursement for interest, costs, and fees.

The enclosed draft Class Action Complaint provides further detail regarding the factual and legal basis of the foregoing claims asserted against Defendants.

**How to Resolve These Matters**

Defendants have thirty (30) days to correct, repair, replace, or otherwise rectify the aforementioned violations and breaches. Plaintiff demands that Defendants immediately cease the misconduct described herein, disgorge the profits derived from this misconduct, and make restitution to our client and all similarly situated consumers of the Products, without limitation, as well as engage in an affirmative advertising campaign to dispel the public's misconception that the Products are "natural" and "naturally" help a user to get a good night's sleep, when they in fact are not natural and cannot naturally influence sleep.

In addition, Plaintiff requests that Defendants allow us to verify, by depositions or other methods, how many consumers were affected by Defendants' improper conduct, that Defendants have implemented any resolution we reach, and that Defendants have implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiff and similarly situated consumers, we request that Defendants institute a recall program, to be approved and supervised by us, as counsel to Plaintiff and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims described herein.

**Preservation Request**

This letter also constitutes notice to Defendants that they are not to destroy, conceal, or alter in any manner whatsoever any evidence, documents, merchandise, information, paper, or electronically stored information or data, and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to the Products', since their inception: formulation; advertising and

Chattem, Inc.; Sanofi-Aventis U.S. LLC; Sanofi US Services Inc.
November 29, 2022
Page 4 of 4

marketing; labeling and packaging; market research, consumer surveys, and focus groups; sales; governmental regulation of advertising claims; and non-governmental and industry-self-regulation of advertising, including, but not limited to, the following documents:

1.  All documents, communications, and electronically stored information concerning the ingredients, formula, research and development, and manufacturing of the Products;

2.  All communications with any U.S. administrative entity, or industry-self-regulation organization, or complaints by any private person or entity concerning the research and development, manufacturing, marketing and advertising, and sales of the Products;

3.  All documents, communications, and electronically stored information, concerning the advertisement, marketing, labeling, and packaging of the Products, including any market research, consumer surveys, and focus groups;

4.  All documents, communications, and electronically stored information concerning the distribution and sale of the Products; and

5.  All communications with customers concerning complaints or comments related to the Products and their advertising, labeling, and packaging.

If we do not hear from Defendants within thirty (30) days, we will assume that Defendants will not take the corrective action requested, and Plaintiff will proceed to amend the enclosed draft Complaint to include a claim for monetary and punitive damages under the CLRA, pursuant to California Civil Code section 1782(d), and to file the action against Defendants.

We are available if you want to discuss the issues raised in this letter. Thank you for your attention to this matter.

Sincerely,

*Zachary M. Crosner*

Zachary M. Crosner, Esq.
CROSNER LEGAL, P.C.

Enclosure(s):  Class Action Complaint

cc: Michael R. Reese and George V. Granade

# EXHIBIT 2

1  **CROSNER LEGAL, P.C.**
   Michael R. Crosner (SBN 41299)
2  Zachary M. Crosner (SBN 272295)
   Chad A. Saunders (SBN 257810)
3  Craig W. Straub (SBN 249032)
   9440 Santa Monica Blvd. Suite 301
4  Beverly Hills, CA 90210
   Tel: (310) 496-5818
5  Fax: (310) 510-6429
   mike@crosnerlegal.com
6  zach@crosnerlegal.com
   chad@crosnerlegal.com
7  craig@crosnerlegal.com

8  **REESE LLP**
   Michael R. Reese (SBN 206773)
9  100 West 93rd Street, 16th Floor
   New York, New York 10025
10 Telephone: (212) 643-0500
   Facsimile: (212) 253-4272
11 mreese@reesellp.com

12 **REESE LLP**
   George V. Granade (SBN 316050)
13 8484 Wilshire Boulevard, Suite 515
   Los Angeles, California 90211
14 Telephone: (310) 393-0070
   Facsimile: (212) 253-4272
15 ggranade@reesellp.com

16 Attorneys for Plaintiff Mark Gonzalez
   and the Proposed Class

17

18                      **UNITED STATES DISTRICT COURT**

19                     **NORTHERN DISTRICT OF CALIFORNIA**

20 | MARK GONZALEZ, individually, and on behalf of all others similarly situated, | Case No. |

21 |                    | **CLASS ACTION** |
   | Plaintiff, |  |

22 | v. | **AFFIDAVIT OF CRAIG W. STRAUB** |

23 | CHATTEM, INC., SANOFI-AVENTIS U.S. LLC, and SANOFI US SERVICES | **PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)** |

24 | INC., |  |

25 | Defendants. |  |

26 |  | **JURY TRIAL DEMANDED** |

27

28

_____
CALIFORNIA CIVIL CODE § 1780(d) AFFIDAVIT OF CRAIG W. STRAUB

1        I, CRAIG W. STRAUB, declare as follows:

2        1.      I am an attorney duly licensed to practice before all of the courts of the State of

3 California. I am an attorney at the law firm of Crosner Legal, P.C., one of the counsel of record

4 for plaintiff in the above-entitled action.

5        2.      Defendants Chattem, Inc., Sanofi-Aventis U.S. LLC, and Sanofi UC Services

6 Inc., has done, and are doing, business in California, including in this district. Such business

7 includes the marketing, promotion, distribution, and sale of its Unisom products.

8        I declare under penalty of perjury under the laws of the State of California that the

9 foregoing is true and correct. Executed January 9, 2023, at San Diego, California.

10

11                               *s/ Craig W. Straub*

12                               CRAIG W. STRAUB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

CALIFORNIA CIVIL CODE § 1780(d) AFFIDAVIT OF CRAIG W. STRAUB